

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 19 2018

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**SHIRLEY BLACK, RENA MCCRAW**
**and REBECCA MORRIS, Each Individually**                    **PLAINTIFFS**
**and on Behalf of All Others Similarly Situated**

vs.                            No. 4:18-cv- 778 - SWW

**DRIVELINE RETAIL MERCHANDISING, INC.**                    **DEFENDANT**
This case assigned to District Judge _Wright_
and to Magistrate Judge _Deere_
## ORIGINAL COMPLAINT – COLLECTIVE ACTION

COME NOW Plaintiffs Shirley Black, Rena McCraw and Rebecca Morris, each

individually and on behalf of all others similarly situated, by and through their attorneys

Chris Burks and Josh Sanford of the Sanford Law Firm, PLLC, and for their Original

Complaint — Collective Action against Defendant Driveline Retail Merchandising, Inc.

("Defendant"), they do hereby state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1.      This is a collective action brought by Plaintiffs Shirley Black, Rena

McCraw and Rebecca Morris, each individually and on behalf of all those similarly

situated, against Defendant for violations of the overtime provisions of the Fair Labor

Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage

Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.      Plaintiffs seek declaratory judgment; monetary damages; liquidated

damages; prejudgment interest; costs; and a reasonable attorney's fee, as a result of

Defendant's policy and practice of failing to pay Plaintiffs proper overtime compensation

under the FLSA and under the AMWA within the applicable statutory limitations period

3.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II.    JURISDICTION AND VENUE

4.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.      This complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding. Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

6.      The acts alleged in this Complaint had their principal effect within the Western Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

7.      Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

8.      The witnesses to the overtime wage violations alleged in the Complaint reside in this District.

## III.    THE PARTIES

9.      Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

10.    Plaintiff Shirley Black is a citizen and resident of Lonoke County, and is employed by Defendant as a master merchandiser/merchandiser beginning in approximately February of 2016.

11.    Plaintiff Rena McCraw is a citizen and resident of Pulaski County and is employed by Defendant as a master merchandiser beginning in approximately 2011.

12.    Plaintiff Rebecca Morris is a citizen and resident of Lonoke County, and is employed by Defendant as a field associate/field merchandiser beginning in approximately October of 2017.

13.    Plaintiffs are paid an hourly rate.

14.    At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

15.    At all times material herein, Plaintiffs and those similarly situated have been classified by Defendant as non-exempt from the overtime requirements of the FLSA, § 207, and the AMWA, A.C.A. § 11-4-211.

16.    Defendant is an "employer" within the meanings set forth in the FLSA and the AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer.

17.    Defendant is foreign, for-profit corporation, registered and licensed to do business in the State of Arkansas.

18.    Defendant's registered agent for service of process in Arkansas is Registered Agent Solutions, Inc., 4250 North Venetian Lane, Fayetteville, Arkansas 72703.

19.    During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

20.    At all relevant times, Defendant continuously employed at least four (4) employees.

21.    At all relevant times, Defendant's gross volume of sales made or business done has exceeded $500,000.00 per year.

## IV.    FACTUAL ALLEGATIONS

22.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as if fully set forth in this section.

23.    Defendant owns and operates a retail merchandising agency that conducts business throughout the United States.

24.    Plaintiffs and other master merchandisers, merchandisers, field associates and field merchandisers were paid an hourly rate by Defendant.

25.    Plaintiffs and other master merchandisers, merchandisers, field associates and field merchandisers worked more than forty (40) hours in most workweeks.

26.    Defendant routinely scheduled Plaintiffs and other master merchandisers, merchandisers, field associates and field merchandisers to work more than forty (40) hours in a single workweek.

27.    It was Defendant's commonly applied practice to not pay Plaintiffs and other master merchandisers, merchandisers, field associates and field merchandisers for all of the hours during which they were performing labor for Defendant.

28.    Defendant had a practice of not paying Plaintiffs and other master merchandisers, merchandisers, field associates and field merchandisers a lawful minimum wage for all hours worked up to forty (40) in one week or one and one-half (1.5) times their regular rate for all hours worked in excess of forty (40) hours per workweek.

29.    At all relevant times herein, Defendant has deprived Plaintiffs and all others similarly situated of a proper minimum wage and overtime premium for all of the hours they worked in excess of forty (40) hours in a week.

30.    Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs and all others similarly situated violated the FLSA and the AMWA.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

### FLSA § 216(b) Collective

31.    Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

32.    Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

33.    Plaintiffs brings their FLSA claim on behalf of all other master merchandisers, merchandisers, field associates and field merchandisers employed by Defendant at any time within the applicable statute of limitations period, who were denied a proper minimum wage and overtime premium of one and one-half (1.5) times

their regular rate for all hours worked in excess of forty (40) per week and who are entitled to payment of the following types of damages:

A.    Payment for all hours worked, including payment of a lawful minimum wage for all hours worked and overtime premiums for all hours worked for Defendant in excess of forty (40) hours in a workweek;

B.    Liquidated damages; and

C.    Attorneys' fees and costs.

34.    In conformity with the requirements of FLSA Section 16(b), Plaintiffs have attached hereto as Exhibit "A" their written Consent to Join this lawsuit.

35.    The relevant time period dates back three (3) years from the date on which Plaintiffs' Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

36.    The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.    They were paid hourly rates;

B.    They recorded their time in the same manner; and

C.    They were subject to Defendant's common practice of denying pay for all hours worked, including overtime pay for some hours worked over forty (40) per work week.

37.    Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds 3 persons.

38.    Defendant can readily identify the members of the Section 16(b) Collective.  The names, physical addresses, electronic mailing addresses and phone

numbers of the FLSA collective action members are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action members via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

## VI.    FIRST CLAIM FOR RELIEF
### (Individual Claims for Violations of the FLSA)

40.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as if fully set forth in this section.

41.    Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA.

42.    At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

43.    At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the FLSA, 29. U.S.C. § 203.

44.    29 U.S.C. § 206 and 29 U.S.C. § 207 requires employers to pay employees a minimum wage for all hours worked up to forty (40) in one week and one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C. § 206; 29 U.S.C. § 207.

45.    Despite the entitlement of Plaintiffs to a lawful minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiffs a lawful minimum wage and an overtime rate of one and one-half (1.5) times their regular rate of pay for all hours worked over forty (40) in each one-week period.

46.    Defendant's failure to pay Plaintiffs overtime wages owed was willful, intentional, unreasonable, arbitrary and in bad faith.

47.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the past three (3) years.

48.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

### VII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

49.    Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

50.    Plaintiffs bring this collective action on behalf of all other master merchandisers, merchandisers, field associates and field merchandisers employed by Defendant to recover monetary damages owed by Defendant to Plaintiffs and members of the putative collective for unpaid minimum wages for all hours worked up to forty (40) and unpaid overtime compensation for all the hours they worked in excess of forty (40) each week.

51.    Plaintiffs bring this action on behalf of themselves and all other master merchandisers, merchandisers, field associates and field merchandisers, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

52.    29 U.S.C. § 206 and 29 U.S.C. § 207 require employers to pay employees a minimum wage for all hours worked up to forty (40) in one week and one and one-half

(1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C. § 206; 29 U.S.C. § 207.

53.    Defendant failed to pay these master merchandisers, merchandisers, field associates and field merchandisers a lawful minimum wage and an overtime premium for all hours worked in excess of forty (40) hours in a week, despite their entitlement thereto.

54.    Because these employees are similarly situated to Plaintiffs, and are owed overtime for the same reasons, the opt-in collective may be properly defined as:

**All hourly-paid master merchandisers, merchandisers, field associates and field merchandisers within the past three (3) years.**

55.    Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

56.    By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated seek, unpaid wages, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

57.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII.    THIRD CLAIM FOR RELIEF
### (Individual Claims for Violations of the AMWA)

58.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as if fully set forth in this section.

59.    Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA.

60.    At all times relevant herein, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

61.    Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

62.    Defendant failed to pay Plaintiffs all wages owed, as required under the AMWA.

63.    Despite the entitlement of Plaintiffs to payment of a lawful minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiffs a lawful minimum wage and failed to pay Plaintiffs a lawful overtime premium.

64.    Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

65.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

66.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the AMWA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Shirley Black, Rena McCraw and Rebecca Morris, individually and on behalf of all others similarly situated, respectfully pray that Defendant be summoned to appear and to answer herein and for the following relief:

A.     That Defendant be required to account to Plaintiffs, the collective members, and the Court for all of the hours worked by Plaintiffs and the collective members and all monies paid to them;

B.     A declaratory judgment that Defendant's practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.;*

C.     A declaratory judgment that Defendant's practices alleged herein violate the AMWA and the related regulations;

D.     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E.     Judgment for damages for all unpaid overtime compensation under the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*;

F.     Judgment for damages for all unpaid overtime compensation under the AMWA and the related regulations;

G.     Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the collective members during the applicable statutory period;

H.    Judgment for liquidated damages pursuant to the AMWA and the relating regulations;

I.    An order directing Defendant to pay Plaintiffs and members of the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

J.    Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**SHIRLEY BLACK, RENA MCCRAW and REBECCA MORRIS, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Chris Burks
Ark Bar No. 2010207
chris@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com